## SCHREIBER & Others *v.* SHARPLESS.

### ORIGINAL.

Submitted December 17th, 1883.—Decided January 7th, 1884.

*Abatement—Action—Copyright—Penalty—Statutes.*

1. The rule at common law, that *qui tam* actions on penal statutes do not survive, prevails in the federal courts as to actions on penal statutes of the United States, even in States where the statutes of the State allow suits on State penal statutes to be prosecuted after the death of the offender.
2. An action to recover penalties and forfeitures for the infringement of a copyright under the provisions of § 4965 Rev. Stat. is abated by the death of the defendant.

Petition for mandamus to require the judge of the District Court of the United States for the Eastern District of Pennsylvania to reinstate a writ of scire facias sued out to bring in the executors of the will of Sharpless to defend an action commenced against him in his lifetime, under § 4965 Rev. Stat., to

recover penalties for infringing a copyright, which writ was quashed by the court after hearing the parties.

*Mr. J. R. Paul, Mr. A. Sydney Biddle, Mr. Henry P. Brown,* and *Mr. John K. Valentine* for the petitioners.—The question raised in this case is whether or not an action to recover a penalty imposed by Congress for the infringement of a copyright survives after the death of the defendant. By the statute law of Pennsylvania, an action for a penalty does not abate by the death of the defendant. Act of February 24, 1834, section 28 Pur. Dig., 424, pl. 96, P. L. 77. It was not questioned by the court, during the argument, that if the law of Pennsylvania with reference to the abatement and survival of actions was applicable to the case in hand, the action survived against the defendant's administrators; and during the argument on that point plaintiffs' counsel was stopped and directed to discuss the other question. The only question, therefore, for consideration, is whether or not the State law applies.—I. If the abatement or survival of an action, by reason of the death of a party, is a matter of procedure and practice, it is clear that by § 914 of the Revised Statutes, the State law governing such questions is the rule of the decision of the federal courts. "The *practice, pleadings,* and *forms and modes of proceeding* in civil causes, other than equity and admiralty causes, in the Circuit and District Courts, shall conform as near as may be to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of the State within which such Circuit or District Courts are held, any rule of court to the contrary notwithstanding." Rev. Stat. § 914. The question of abatement of an action by the death of a party is one of procedure. *Jones* v. *Van Zandt's Administrator,* 4 McLean, 604; *McCoul* v. *Le Kamp,* 2 Wheat. 111.—II. By the very terms too of § 955 Rev. Stat., this action survived. The section provides: "When either of the parties, whether plaintiff, or petitioner, or defendant, in any suit in any court of the United States, dies before final judgment, the executor or administrator of such deceased party may, *in case the cause of action survives by law,* prosecute or

defend any such suit to final judgment." This statute provides that all actions survive, after the death of a party, where "the cause of action survives *by law*." What law? There is no other federal law on the subject, this being the only statute dealing with the question of abatement by death, and no *common law* governing federal questions exists. Nor was it intended by Congress to incorporate the law of England as to abatement existing at the time of the passage of the Judiciary Act; for, if this were so, nearly all actions would at this day abate by the death of a party, if brought in a federal court. The only other law, therefore, which can be referred to in the phrase "survives by law" must be the law of the State in which the action is brought, and this natural construction has been repeatedly adopted in the decisions. See *Hatfield* v. *Bushnell*, 1 Blatchford, 393; *Barker* v. *Ladd*, 3 Sawyer, 44; *Trigg* v. *Conway,* Hempst., 711; *Hodge* v. *Railroad*, 1 Dillon, 104.—III. Even should it be held that the question under consideration is not one of procedure at all, but goes to the root of the action, then § 34 of the Judiciary Act of 1789, Rev. Stat. § 721, applies and the action survived against the executors of the defendant. That section reads as follows: "The laws of the several States, except where the Constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law in the courts of the United States in cases where they apply." This section has been held not to apply to cases of procedure. Assuming that the abatement and survival of an action is not a question of practice or procedure, then by the terms of this section, the *State* laws regulating such matters must be "rules of decision" in cases where they apply. See *United States* v. *Mundell*, 1 Hughes, 415; *McCluny* v. *Silliman*, 3 Pet. 270; *Leffingwell* v. *Warren*, 2 Black, 599; *Parker* v. *Hawk*, 2 Fisher's Pat. Cas. 58; *Rich* v. *Ricketts*, 7 Blatchford, 230; *Howes* v. *Nute*, 4 Fisher's Pat. Cas. 263; *Sayles* v. *Oregon Central Railroad*, 6 Sawyer, 311; *Hayden* v. *Oriental Mills*, 15 Fed. Rep. 605.—IV. Mandamus is the proper remedy in a case like this. *Ex parte Bradstreet*, 7 Pet. 634; *Stafford* v. *Union Bank of Louisiana*, 17 How. 275. Without it the

plaintiffs have no remedy. § 1011 Rev. Stat.; *Toland* v. *Sprague*, 12 Pet. 300; High on Extraordinary Remedies, § 151; *Regina* v. *Kesteven*, 3 Ad. & El. 810; *Ex parte Shollen-berger*, 96 U. S. 369; *Ex parte Bradstreet*, 7 Pet. 634; *Insurance Company* v. *Wilson*, 8 Pet. 291; *Ex parte Russell*, 13 Wall. 664; *Insurance Company* v. *Comstock*, 16 Wall. 258; *Railroad Company* v. *Wiswall*, 23 Wall. 507.

Mr. Chief Justice Waite delivered the opinion of the court.

The petitioners sued Charles L. Sharpless in the District Court of the United States for the Eastern District of Pennsylvania to recover certain penalties and forfeitures claimed under the provisions of sec. 4965 of the Revised Statutes, for the infringement of a copyright. Sharpless died after issue joined, but before judgment. After his death had been suggested by his attorney in the cause, the petitioners sued out a *scire facias* against Anna R. Sharpless, executrix, and Charles W. Sharpless, executor of his will, requiring them to appear and become parties to the action, or show cause why they should not be made parties, by order of the court. Before this writ was served, the attorney for Sharpless during his life, moved that the writ be quashed. After argument the motion was granted, on the ground that the cause of action terminated with the death of the defendant, and did not survive as against his legal representatives.

The petitioners now ask for a rule on the District Court to show cause why a writ of mandamus should not issue requiring it to reinstate the writ of *scire facias* and proceed with the case.

Without considering whether a writ of mandamus may issue directly from this court to a District Court to enforce procedure in a case where the final judgment of the District Court is subject to review in the Circuit Court, we deny the rule asked for, because we are entirely satisfied with the action of the district judge. He was asked to send out a writ of *scire facias* to bring in and make parties to a *qui tam* action the personal representatives of a deceased defendant, who had been sued to recover the penalties and forfeitures which it was alleged he had subjected himself to, under an act of Congress, by the infringe-

ment of a copyright.   The suit was not for the damages the plaintiffs had sustained by the infringement, but for penalties and forfeitures recoverable under the act of Congress for a violation of the copyright law.   The personal representatives of a deceased party to a suit cannot prosecute or defend the suit after his death, unless the cause of action, on account of which the suit was brought, is one that survives by law.   Rev. Stat. § 955.   At common law actions on penal statutes do not survive (Com. Dig. tit. Administration, B. 15), and there is no act of Congress which establishes any other rule in respect to actions on the penal statutes of the United States.   The right to proceed against the representatives of a deceased person depends not on forms and modes of proceeding in a suit, but on the nature of the cause of action for which the suit is brought. If the cause of action survives, the practice, pleadings, and forms and modes of proceeding in the courts of the State may be resorted to in the courts of the United States for the purpose of keeping the suit alive and bringing in the proper parties.   Rev. Stat. §. 914.   But if the cause of action dies with the person, the suit abates and cannot be revived.   Whether an action survives depends on the substance of the cause of action, not on the forms of proceeding to enforce it.   As the nature of penalties and forfeitures imposed by acts of Congress cannot be changed by State laws, it follows that State statutes allowing suits on State penal statutes to be prosecuted after the death of the offender, can have no effect on suits in the courts of the United States for the recovery of penalties imposed by an act of Congress.

*The rule is denied and petition dismissed.*