**UNITED STATES v. LECHE et al.**

No. 19712.

District Court, E. D. Louisiana, New Orleans Division.

April 30, 1942.

Robert Weinstein, Asst. U. S. Atty., of New Orleans, La., for the United States.

J. Hart Willis and Dillard Estes, both of Dallas, Tex., and W. P. Z. German, of Tulsa, Okl., for the motion.

CAILLOUET, District Judge.

Upon the hearing had of the demurrers and pleas thitherto filed on behalf of one of the defendants named in the indictment herein, i. e., East Texas Refining Company, there was also submitted and heard the motion of Attorneys J. Hart Willis, Dillard Estes and W. P. Z. German, suggesting that subsequent to the filing of the aforementioned demurrers and pleas, said corporation was dissolved on December 10, 1941, in form and manner provided by the laws of the State of Texas, under which it had come into existence; and moving that proceedings under the indictment, as respects said former corporation, be now abated in view of the corporate death.

The official certificate of dissolution, executed and signed by the Texas Secretary of State, and evidencing such claimed dissolution, forms part of said attorneys' motion and plea in abatement.

■ Broadly speaking, in the absence of statutory enactment providing otherwise, the dissolution of a corporation abates pending court proceedings against it; the dissolution ends the corporate existence, and can not be distinguished from the death of a natural person, insofar as relates to the legal effect thereof upon such pending proceedings. 1 C.J.S., Abatement and Revival, § 102, pp. 140, 141; 19 C.J.S., Corporations, § 1737, p. 1503; 13 Am.Jur. (Corporations) § 1342, p. 1191; Jacob Mumma v. Potomac Company, 1834, 8 Pet. 281, 8 L.Ed. 945; Oklahoma Natural Gas Company v. State of Oklahoma, 1927, 273 U.S. 257, 47 S.Ct. 391, 71 L.Ed. 634.

■ Judgment can not be rendered against a dead natural person, dying pendente lite; ordinarily, judgment can no more be rendered against a defunct corporate institution, whose corporate death by legal dissolution takes place during the pendency of court proceedings against it. First National Bank of Selma v. George W. Colby, 1875, 21 Wall, 609, 22 L.Ed. 687; Pendleton v. Russell, Receiver, 1892, 144 U.S. 640, 12 S.Ct. 743, 36 L.Ed. 574.

The proceeding or "suit" (in the most extended sense of the word, for which, see 1 C.J.S., Actions, § 1, p. 962) under the indictment against the East Texas Refining Company in this federal court, is one authorized by federal statute for the recovery of a pecuniary penalty for the commission of a public offense. See 19 C.J.S., Corporations, § 1365, p. 1079. John Gund

Brewing Co. v. United States, 8 Cir., 1913, 204 F. 17; Id., 8 Cir., 206 F. 386.

Congress has not, generally speaking, attempted to prescribe the causes which survive death of either party to suits in courts of the United States, but has provided that, in any instance where the cause of action does survive "by law", the administrator or executor of the deceased party may continue to prosecute or defend the suit to final judgment. 28 U.S.C.A. § 778; and Rule 25, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. See, also, Patton v. Brady, 1902, 184 U.S. 608, 22 S.Ct. 493, 46 L.Ed. 713, at page 716; Gerling v. Baltimore & Ohio R. R. Co., 1894, 151 U.S. 673, 14 S.Ct. 533, 38 L.Ed. 311, at page 318.

■ In a proceeding before a federal court, based on federal law, the question whether such proceeding may continue beyond the natural death of an individual party thereto, or beyond the corporate death by legal dissolution of a corporation party, must be decided, in the absence of federal statute on the subject, in accordance with the principles of the common law existing prior to the Declaration of Independence; there being no federal general common law. United Copper Securities Company v. Amalgamated Copper Co., 2 Cir., 1916, 232 F. 574; 1 C.J.S., Abatement and Revival, § 135, p. 183. 1 Am.Jur. (Abatement and Revival) § 97, p. 77. See, also, Van Choate v. General Electric Co., D.C. D. Mass. 1917, 245 F. 120; Sullivan v. Associated Bill Posters and Distributors of the United States and Canada, 2 Cir., 1925, 6 F.2d 1000, 42 A.L.R. 503.

■ At common law, proceedings to recover a penalty (such as was sought to be prosecuted by indictment herein against the then still-existent East Texas Refining Company, which came to its corporate death by legal dissolution pendente lite) did not survive the physical death of a natural party litigant, or the death of a corporation litigant. Sullivan v. Associated Bill Posters, etc., supra, 6 F.2d 1000, 42 A.L.R. 503.

■ The birth, subsequent existence, and dissolution of the East Texas Refining Company all took place under and by virtue of the law of Texas which, admittedly, prescribes that corporate dissolution "shall not operate to abate, nor be construed as abating any pending suit in which such

corporation is a defendant" etc. Vernon's Texas Civil Statutes, 1936, Centennial Edition, § 1390. But the present proceeding or "suit" against said dissolved defendant corporation is under federal statute in a federal court, and even though it be conceded (but only for the present purposes) that the terms of the Texas statute authorizes continued prosecution, or institution, of court proceedings under a state penal statute, such state legislation can have no effect whatever on the present proceedings, which were instituted under an Act of Congress to recover a penalty from the late corporation, now dissolved, for the charged violation of federal law. Ex parte Schreiber et al. 1884, 110 U.S. 76, 3 S.Ct. 423, 28 L.Ed. 65.

Counsel's oral representations at the time of the hearing, by way of explanation of the underlying reasons for the dissolution of East Texas Refining Company, justify the conclusion that such dissolution was a "good faith" transaction, brought about at the instance of another corporation similarly engaged in the oil business and which had come into the ownership of the majority of the former's capital stock. Having no need of the East Texas Refining Company's corporate structure for the carrying on of the oil business, since it had available for that purpose its own corporate set-up, it is easy to understand that, without particular thought given to the pending indictment against East Texas Refining Company, said majority stockholder should have taken steps to dissolve the said corporation.

When the corporate death was thus brought about, it was not to be distinguished from the natural death of an individual person, as respects the effect of death upon pending court proceedings for the recovery of a penalty, and inasmuch as physical death abates pending proceedings of that character, it must here be held, under general common law, that the dissolution of the East Texas Refining Company which took place on December 10th, 1941, operated the abatement of the indictment of August 7th, 1939, and all proceedings thereunder, insofar as, but to no greater extent than, the said indictment and proceedings thitherto concerned said former East Texas Refining Company.

In view of the foregoing, let judgment be forthwith entered, decreeing the said mentioned indictment and all proceedings thereunder, abated insofar as, but to no greater extent than, said indictment and proceedings relate to the therein named former defendant corporation, East Texas Refining Company, now dissolved.