**BROWN, Price Adm'r, v. CUMMINS DISTILLERIES CORPORATION et al.**

No. 584.

District Court, W. D. Kentucky, Louisville Division.

Jan. 12, 1944.

Raymond C. Stephenson, of Louisville, Ky., Fritz Krueger, of Mt. Vernon, Ky., and Homer B. Parrent, of Louisville, Ky., for plaintiff.

A. C. Vanwinkle, of Louisville, Ky., for executor of Geo. W. Dant's estate.

MILLER, District Judge.

The plaintiff, the Price Administrator of the Office of Price Administration, seeks by this action to recover $6,799,101.57 from numerous defendants as treble damages pursuant to the provisions of Section 205(e) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix § 925(e), for the sale of 51,694 barrels of Bourbon whiskey at prices in excess of the maximum price established therefor under the Act. The matter is before the Court on the motion of the defendant, Farmers National Bank of Lebanon, Kentucky, executor of the estate of George W. Dant, to dismiss the action for failure to state a claim against it.

The sales complained of occurred on January 4, 1943. Neither the United States nor the Office of Price Administration was the purchaser of any part of the whiskey involved. George W. Dant died April 25, 1943. The defendant was appointed executor of his estate on May 18, 1943. The present action was filed on May 27, 1943.

 Section 205 of the Act, dealing with enforcement provisions, provides in Subsection (e) that if any person subject to the Act violates a regulation or price schedule, the person who buys such commodity. "may bring an action either for $50 or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater, plus reasonable attorney's fees and costs as determined by the court." It further provides that if "the buyer is not entitled to bring suit or action under this subsection, the Administrator may bring such action under this subsection on behalf of the United States." The recovery so provided is in its nature a penalty. "A penalty is a sum of money of which the law exacts payment by way of punishment for the doing of some act that is prohibited, or omitting to do some act that is required to be done." 25 Corpus Juris, Fines, Forfeitures and Penalties, § 72; In re Denver & R. G. W. R. Co., D.C., 27 F.Supp. 983, 984. It is essentially different from the idea of damages which is compensation to an injured party for the injury which he has suffered. In a proceeding of this nature the plaintiff has suffered no damages, and the action is not for the purpose of compensation. Regardless of the language in the statutory provision, it is the nature of the provision itself that is controlling. The action is essentially one for the recovery of a penalty. Helwig v. United States, 188 U.S. 605, 610 through 613, 23 S.Ct. 427, 47 L.Ed. 614; People of State of New York v. Jersawit, 263 U.S. 493, 44 S.Ct. 167, 68 L.Ed. 405; United States v. Childs, 266 U.S. 304, 45 S.Ct. 110, 69 L.Ed. 299; Commonwealth of Kentucky v. Farmers Bank & Trust Co., 6 Cir., 139 F.2d 226.

 At common law, actions on penal statutes do not survive the death of the party violating the statute. The real test with respect to the survival of tort actions appears to be whether the injury on which the cause of action is based affects property rights or affects the person alone. In the case of property rights the cause of action survives, while in matters which are personal the cause of action does not survive. The present action does not seek any recovery for any damage to the property rights of the plaintiff. Accordingly, it abated upon the death of the defendant George W. Dant prior to the institution of this action. Schreiber v. Sharpless, 110 U.S. 76, 80, 3 S.Ct. 423, 28 L.Ed. 65; Sullivan v. Associated Billposters and Distributors, 2 Cir., 6 F.2d 1000, 42 A.L.R. 503; United States v. Dunne, 9 Cir., 173 F. 254, 19 Ann.Cas. 1145; United States v. Theurer, 5 Cir., 213 F. 964.

The motion of the defendant Farmers National Bank of Lebanon, Kentucky, executor of the estate of George W. Dant to dismiss the action as against it is sustained.