**PORTER, Price Administrator, v. ELLIOTT.**

Civil Action No. 3621.

District Court, E. D. Pennsylvania.

Nov. 8, 1946.

Alexander M. Hauptman, of Philadelphia, Pa., for plaintiff.

Frederick B. Smillie, of Norristown, Pa., for defendant.

WELSH, District Judge.

This is a motion to dismiss the complaint filed by the Administrator, Office of Price Administration.

On March 1, 1944, the Price Administrator, pursuant to the provisions of Section 205(e) of the Emergency Price Control Act of 1942, Pub.L. No. 421, 77th Cong., 2nd Sess., c. 26, 56 Stat. 33, enacted January 30, 1942, as amended, 50 U.S.C.A. Appendix, § 925(e), brought an action for triple damages on behalf of the United States against the defendant. The defendant, William A. Elliott, trading as "Merchants Meat Company," was engaged in the sale, at wholesale, of beef and veal carcasses and wholesale cuts at his place of business located in Norristown, Pennsylvania. In his complaint, the Price Administrator alleged that during the period, March 1, 1943, to July 31, 1943, the defendant sold beef and veal carcasses and wholesale cuts to owners and operators of retail meat markets for purposes of resale at retail and received a price or consideration for each such beef carcass and wholesale cut in excess of the maximum price established by Revised Maximum Price Regulation No. 169, issued pursuant to the Emergency Price Control Act. The complaint alleged further that the total overcharges received by the defendant from his customers during the said period aggregated $25,708.73. The Administrator demanded judgment in the amount of $74,126,19, or triple the amount of the total overcharges.

On April 15, 1946, the defendant died, and on June 4, 1946, counsel moved the Court to dismiss the action on the ground that the claim for triple damages contained therein constitutes a penalty and is thereby extinguished by the death of the defendant.

The question involved in this case is whether an action for triple damages instituted because of violation of a price regulation of the Office of Price Administration survives the death of the one charged with the violation.

The pertinent portions of Section 205(e) of the Emergency Price Control Act, prior to amendment, read as follows:

"If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may bring an action either for $50 or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is greater, plus reasonable attorney's fees and costs as determined by the court. * * * If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, and the buyer is not entitled to bring suit or action under this subsection, the Administrator may bring such action under this subsection on behalf of the United States. * * *"

This section as amended in 1944, 50 U.S.C.A.Appendix, § 925(e), and made applicable to all pending cases brought by the Administrator, reads as follows:

"(e) If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may, within one year from the date of the occurrence of the violation, except as hereinafter provided, bring an action against the seller on account of the overcharge. In such action the seller shall be liable for reasonable attorney's fees and costs as determined by the court, plus whichever of the following sums is the greater: (1) Such amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine, or (2) an amount not less than $25 nor more than $50, as the court in its discretion may determine: Provided, however, That such amount shall be the amount

of the overcharge or overcharges or $25, whichever is greater, if the defendant proves that the violation of the regulation, order, or price schedule in question was neither wilfull nor the result of failure to take practicable precautions against the occurrence of the violation. * * * If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, and the buyer either fails to institute an action under this subsection within thirty days from the date of the occurrence of the violation or is not entitled for any reason to bring the action, the Administrator may institute such action on behalf of the United States within such one-year period. If such action is instituted by the Administrator, the buyer shall thereafter be barred from bringing an action for the same violation or violations. * * *."

█ In its narrowest sense, a statute the violation of which subjects an offender to possible criminal prosecution is called a penal statute. However, such a strict construction of a penal statute has gained few, if any, adherents. The term "penal statute" has been enlarged to include within its scope statutes whose purpose is to afford public redress for a violation as opposed to statutes whose purpose is to confer private or individual redress. Bowles v. Farmers National Bank of Lebanon, Kentucky, 6 Cir., 147 F.2d 425. The foregoing rule was enunciated by the Supreme Court in Huntington v. Attrill, 146 U.S. 657, 13 S.Ct. 224, 230, 36 L.Ed. 1123. In that case, Attrill, a director of a New York corporation, knowingly made a false certificate, stating that the capital stock of the corporation had been paid in. Under the New York law, this made him liable to creditors of the Corporation. Plaintiff, who had lent money to the Corporation, prior to the making of this certificate by Attrill, secured a judgment against him, in New York, for the amount lent the Corporation. The plaintiff brought suit in Maryland on the New York judgment and the Maryland Court refused to enforce the New York judgment on the ground that the statute involved was a penal statute and courts of one state are not bound to enforce the penal statutes of another state or judgments obtained thereunder. The cause was taken to the United States Supreme Court under the "full faith and credit clause" of the Constitution, art. 4, and the judgment of the Maryland Court was reversed. In reversing the judgment the Supreme Court held that the statute in question was not a penalty and the Maryland Court in refusing to enforce a judgment obtained under said statute denied to the judgment the full faith, credit and effect to which it was entitled under the Constitution and laws of the United States. In its discussion as to what constitutes a penal statute the Supreme Court said: "Whether a statute of one state, which in some aspects may be called penal, is a penal law, in the international sense, so that it cannot be enforced in the courts of another state, depends upon the question whether its purpose is to punish an offense against the public justice of the state, or to afford a private remedy to a person injured by the wrongful act." And, "The test is not by what name the statute is called by the legislature or the courts of the state in which it was passed, but whether it appears, to the tribunal which is called upon to enforce it, to be, in its essential character and effect, a punishment of an offense against the public, or a grant of a civil right to a private person."

█ While it is true that the question confronting the Court in Huntington v. Attrill, supra, involved the recognition of a judgment from the court of another state, we think the court's discussion as to what constitutes a penal law is applicable to the instant case. The judgment of this Court in applying the rule expressed in Huntington v. Attrill, that is public redress versus private redress, is that Section 205(e) of the Emergency Price Control Act provides for a penalty.

█ Several factors serve to illustrate the penal features of Section 205(e): (1) The purpose of the Emergency Price Control Act is clearly stated in the following: "It is hereby declared to be in the interest

of the national defense and security and necessary to the effective prosecution of the present war, and the purposes of this Act are, to stabilize prices and to prevent speculative, unwarranted, and abnormal increases in prices and rents; to eliminate and prevent profiteering, hoarding, manipulation, speculation, and other disruptive practices resulting from abnormal market conditions or scarcities caused by or contributing to . the national emergency. * * *." 50 U.S.C.A.Appendix, § 901. The above quotation certainly describes a threatened injury to the public. While private rights and interests are necessarily affected, the primary purpose of the statute is to protect the public during the war emergency. Bowles v. Farmers National Bank of Lebanon, Kentucky, supra. (2) The suit for triple damages under Section 205(e) was brought by a public official, the Price Administrator, on behalf of the United States, and this fact, we feel, manifests the intent of Congress—to afford public redress whenever and wherever a violation occurs in order to effectuate the purposes of the Act. The Act, in addition to giving to the Administrator the right to sue for triple damages in case of a violation, also confers a similar right upon an aggrieved party. This, however, does not alter the fact that Congress intended that the public should be redressed because in reality the instances where an individual institutes suit and not the Administrator are comparatively few, and further the right granted an aggrieved party is merely incidental to the essential purpose, that of enforcement of the provisions of the Emergency Price Control Act. It was thought that if the reward to the injured party were made attractive enough it would result in encouraging enforcement of the provisions of the Act. (3) The complaint stated that the total overcharges received by the defendant from his customers during the period in question aggregated $24,708.73. As the suit by the Administrator is for triple damages under Section 205(e) said Administrator demanded judgment in the amount of $74,126.19 or triple the amount of the total overcharges. Where the sum sought to be exacted under the statute is excessive, that is, greatly disproportionate to the actual loss, a penalty rather than damages will be inferred. Helwig v. United States, 188 U.S. 605, 23 S.Ct. 427, 47 L.Ed. 614. In case of recovery under Section 205(e), the sum to be paid is so greatly in excess of the loss incurred that it cannot be explained except upon the theory that the statute intends to subject the wrongdoer to an extraordinary liability not limited to the damage suffered. It will be seen that the amendment of 1944, above quoted, makes it discretionary with the District Court whether triple damages shall be recovered and permits the person charged with liability to set up certain circumstances in mitigation of the damages. We believe that this amendment did not affect the original intent of Congress and that the purpose remained the prevention of the practice of selling above ceiling prices, and we conclude, therefore, the character of the statute continued to be penal. The amendment simply provides that in case of good faith the penalty is less than in the case of fraud. A similar situation existed in the statute construed in Helwig v. United States, supra, and it was there held that the nature of the penalty is the same, only in one case it is satisfied by a lesser penalty than in the other.

Holding as we do that Section 205(e) provides for a penalty, it remains to be seen whether the action by the Administrator which is based on said penalty survives the death of the defendant. As the penalty imposed by the Section and the rights acquired by the Government under the Section have Federal sources, the determination of the foregoing question is governed by Federal law. The survival of actions did not exist at common law and if an action is to survive, support for it must be found in a Congressional enactment. No enactment of Congress is involved in the instant case and in the absence of an Act of Congress, the Federal Courts are entitled to apply the proper rules of Federal law . under their own standards. Under Federal law, an action for penalties and forfeitures recoverable under Congressional enactment does not

survive, but abates with the death of the claimed violator of the statute. Ex parte Schreiber, 110 U.S. 76, 3 S.Ct. 423, 28 L. Ed. 65; Sullivan v. Associated Billposters & Distributors, 2 Cir., 6 F.2d 1000, 42 A. L.R. 503; Van Choate v. General Electric Co., D.C., 245 F. 120; Bowles v. Farmers National Bank of Lebanon, Kentucky, 6 Cir., 147 F.2d 425.

■ The Price Administrator contends that the suit for triple damages under Section 205(e) is an action to recover damages within the purview of the Judicial Code, 28 U.S.C.A. § 780a. The Judicial Code, 28 U.S.C.A. § 780a, 48 Stat. 311, provides: "No civil action to recover damages, brought by the United States or in its behalf, or in .which the United States shall be directly or indirectly interested, and pending against any defendant prior to the time of his death, in any court of the United States, shall abate by reason of the death of any such defendant; but any such action shall survive and be enforceable against the estate of any such deceased defendant. This section shall not be construed to deprive the plaintiff in any such action of any remedy which he may have against a surviving defendant." However, we are convinced that an intent on the part of Congress to abridge the common law principle—in the absence of a statute to the contrary an action for penalties and forfeitures recoverable under Congressional enactment does not survive but abates with the death of the claimed violator of the statute—cannot be read into § 780a. To derogate the aforementioned common law principle a clearer expression of the will of Congress than is contained in § 780a must be shown.

In the light of our conclusions, namely, that the action to recover triple damages under Section 205(e) is based upon a penalty and that an action based upon a penalty does not survive the death of the party charged with a penalty, the motion to dismiss the complaint will be granted. Plaintiff's motion to substitute the defendant's executrix as party defendant will be denied.

An order may be entered in conformity with the foregoing opinion.