WILLIE M. COLLINS, Plaintiff, *v.* JANE L. MINKIN et al., as Executors of MORRIS H. MINKIN, Deceased, Defendants.

Supreme Court, Trial Term, Queens County, October 18, 1947.

*Samson Z. Sorkin* for plaintiff.

*C. Ellis Schiffmacher* for defendants.

WENZEL, J. The plaintiff seeks to recover, pursuant to subdivision (e) of section 205 of the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 925, subd. [e]) the sum of $50 for each alleged violation of said act, by reason of the alleged rent overcharge of $15 per month for seven months beginning March 1, 1944, and including September 1, 1944.

Subsequent to the commencement of the action, the defendant landlord died, and at the trial his executors were substituted as parties defendant by stiplation and the substituted defendants moved to dismiss the complaint on the ground that the action had abated on the death of the deceased landlord. While conceding the overcharge totaling $105, the defendants contend that the causes of action as pleaded in the complaint, are for the recovery of a penalty and, therefore, abated upon the death of the original defendant and that since the gravamen of the causes of action is the penalty and not the overcharge, this court may not render judgment even for the overcharge.

The statute involved provides that if any person subject to the act violates a regulation or price schedule, the person buying the commodity " may bring an action either for $50 or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater, plus reasonable attorney's fees and costs as determined by the court." In *Brown* v. *Cummins Distilleries Corporation* (56 F. Supp. 941, 942) the United States District Court for the Western District of Kentucky stated that " The recovery so provided is in its nature a penalty " and that, therefore, a cause of action based thereon abated upon the death of the defendant. Corpus Juris (Vol. 25, Fines, Forfeitures and Penalties, § 72) defines a penalty as " a sum of money of which the law enacts payment by way of punishment for doing some act that is prohibited or omitting to do some act that is required to be done." Here, the plaintiff suffered overcharges at the rate of $15 per month. To that extent alone were his property rights damaged. When, however, he seeks $50 per violation as provided in the act, he does not merely seek to be placed in *status quo* so far as his

property rights are concerned, but he seeks to *punish* the landlord for doing a prohibited act. To that extent, I believe the statute is penal in character, and an action based thereon is essentially one for the recovery of a penalty. Such, in effect, was the holding of the Appellate Term of the Second Department, in *Gordon* v. *Hochberg* (182 Misc. 117). There, too, a landlord had, for some months, collected rent in excess of the maximum. Such excess was repaid. The tenant, however, sought to recover the sum of $50 for each of the three violations, plus counsel fees. The lower court granted judgment in the sum of $150 in addition to counsel fees of $25. The Appellate Term modified the judgment by reducing the recovery to $50 plus counsel fees, less the overcharge of $15 which was returned, and in so doing stated (pp. 118–119) : '' Such liability * * * was not cumulative, for the statute, insofar as it affects the transgressor, is *penal* in nature and does not impose cumulative penalties.'' (Italics mine.)

In *Ward* v. *Bochino* (181 Misc. 355, affd. 268 App. Div. 814, motion for leave to appeal dismissed 294 N. Y. 675) Mr. Justice Cregg in the Supreme Court, Onondaga County, stated by citation from the Supreme Court of the United States in the case of *Noble State Bank* v. *Haskell* (219 U. S. 104, 110) at page 358 that '' a remedial statute is one that gives relief to the aggrieved party and that a penal statute is one that imposes penalties upon offenses committed. In other words, the true test is whether the penalty is imposed for *the punishment of a wrong or for the redress of an injury to the individual.*''

He concluded: '' Thus tested, it seems clear to me that that section [205, subd. (e)] of the Emergency Price Control Act is penal * * *. Therefore, it is penal in nature and should be strictly construed.''

Inasmuch as the statute is penal in character, I am of the opinion that the action abated so far as the penalties imposed by the act are concerned. While section 118 of the Decedent Estate Law provides that no cause of action for injury to person or property shall be lost because of the death of the person liable for the injury and that an action may be brought or continued against the executor or administrator of the deceased person, it expressly excepts recovery for penalties from the foregoing provisions.

Counsel for the plaintiff has referred the court to *Porter* v. *Warner Holding Co.* (328 U. S. 395, decided June 3, 1946, opinion per Murphy, J.). Upon examination, however, this court finds that the cited opinion does not aid the plaintiff. Merely because

Mr. Justice MURPHY, in discussing subdivision (e) of section 205 of the act, stated at page 401–402 that it provided " an exclusive remedy relative to damages " and established " the sole means whereby individuals may assert their private right to damages and whereby an Administrator on behalf of the United States may seek damages in the nature of penalties ", does not mean that the $50 recovery sought by the plaintiff for each violation is not penal in character. Moreover, the only matter decided in that case was that the Federal District Court had the power, under subdivision (a) of section 205 of the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 925, subd. [a]), to order restitution of rents collected by a landlord in excess of maximums established by the regulations issued under the act. In other words, it merely decided that the court upon a proper showing had the power to grant equitable relief in the form of " a permanent or temporary injunction, restraining order, or other order ".

It follows that the plaintiff is not entitled to any recovery beyond the actual overpayments conceded to amount to the sum of $105. I am of the opinion that construing the complaint broadly and liberally, particularly in view of the specific allegations of overpayment and the concession on the record that such overpayments were made, this court has jurisdiction to grant judgment for such overpayments notwithstanding that the prayer for relief is for the recovery of the statutory penalties, besides counsel fees. The prayer for relief does not determine the sufficiency of the complaint. As was stated by the Court of Appeals in *Niagara Falls Power Co.* v. *White* (292 N. Y. 472, 480): " * * * asking for too much does not spoil a complaint; the trial court takes care of that."

Accordingly, judgment is granted in favor of the plaintiff in the sum of $105, representing $15 per month for seven months, with interest thereon from the date of each overpayment.