William **HEIKKILA**, Appellant,

v.

Bruce G. **BARBER**, etc., Appellee.

No. 16153.

United States Court of Appeals
Ninth Circuit.

Aug. 29, 1962.

Rehearing Denied Oct. 26, 1962.

---

18. See Daykin, op. cit. supra note 12, at 110.

McMurray, Walker & Tepper, and Lloyd E. McMurray, San Francisco, Cal., for appellant.

Lynn J. Gillard, U. S. Atty., and Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before CHAMBERS, POPE and KOELSCH, Circuit Judges.

POPE, Circuit Judge.

When this matter initially came to this court it was here pursuant to two appeals. One of such appeals was from a judgment dismissing Heikkila's action in the district court in which he sought injunction and other relief designed to review and set aside an order for his deportation. The other was from an order of the district court holding that the appellee Barber was not in contempt of court in deporting and transferring Heikkila to Finland at a time when, according to the appellant, the action to review the order of deportation was still pending in the district court.

Both notices of appeal were filed July 28, 1958. Thereafter the perfection of the record in this court proceeded in the customary manner. The printed transcript of the record was filed February 17, 1959; appellant's opening brief was filed April 14, 1959; appellee's brief was filed August 3, 1959; and appellant's reply brief was filed August 24, 1959. On May 7, 1960, the appellant Heikkila died. This operated to terminate the appeal so far as the issue of the propriety of the order of deportation was concerned as the cause in that respect became moot. However, on February 21, 1961, Phyllis Heikkila, widow of said decedent, as administratrix of his estate, filed herein her motion for an order substituting her as such administratrix as appellant herein in the place and stead of William Heikkila. Said motion was presented upon further briefs and oral argument and is now before us for consideration.

The facts of the case, insofar as the problems relating to the contempt are concerned, are as follows: On April 3,

1958, the district court entered a judgment denying the appellant, as plaintiff, all relief and dismissing his action. The judgment bore date April 4, 1958. On April 14, next, Heikkila filed in the district court a notice of motion and motion to modify findings of fact and conclusions of law pursuant to Civil Rule 52, 28 U.S.C. This motion was granted in part and denied in part on July 2, 1958. In the meantime, on April 18, 1958, Heikkila was taken into custody by Immigration and Naturalization Service agents, placed upon a plane and taken to Vancouver, B. C., and held in the Vancouver city jail from early Saturday morning, April 19, until Sunday morning, April 20. On April 19, counsel for Heikkila presented to the district judge, an affidavit reciting that the motion to modify findings had been set for argument on Friday, May 2; that Heikila had been arrested and taken into custody by Barber or his agents, and that he might be forthwith deported; that if such deportation happened it would cause Heikkila irreparable harm and that such arrest and deportation would deprive the court of jurisdiction of the subject matter of the action and of the person of the appellant. Upon this affidavit the district judge issued a temporary order restraining the appellee from "holding in custody, deporting or attempting to deport the plaintiff William Heikkila."

On the same day this order was served upon the Immigration and Naturalization Service in San Francisco, and an immigration inspector there so served notified an assistant district director thereof. Appellee received notice of the restraining order before Heikkila left Vancouver. The claim is made that appellee made no attempt to release Heikkila or to halt further execution of the deportation then in progress although he notified the United States Attorney. Shortly after Heikkila reached Helsinki he was notified by the American consul there that he was to return to the United States. Heikkila was returned to the United States by airline, his transportation being supplied by representatives

of the United States. He arrived in San Francisco, where he had been taken into custody, on Friday, April 25, and was allowed to leave the airport without restraint. On that same day, the court, on motion of appellant, issued an order to show cause directed to the appellee requiring him to appear on May 2, 1958, to show cause why he should not be held in contempt of court. The court heard argument on the motion to modify the findings but did not modify the findings and conclusion that appellant was deportable. On July 1, 1958, the court made its order to the effect that there was no contempt of court and the order to show cause was discharged. It is the appeal from that order with which we are here concerned.

Without any extended consideration of the matter, we assume that Heikkila had standing and a right to move the court for an order holding Barber in contempt. The order of the court last referred to stated that the court considered this a civil contempt proceeding. We also consider that the order denying Heikkila's motion for a contempt order was an appealable one, and that Heikkila had standing to file his appeal in respect thereto.

We do not question the right of Heikkila, had he lived, to argue upon this appeal not only that the judgment of contempt should have been entered, but that he had the right to urge the district court in connection with such a judgment, to impose upon the person found guilty of contempt an obligation to pay the appellant a sum to compensate him for losses sustained. This is made plain by what was said in United States v. United Mine Workers, 330 U.S. 258, 303, 67 S.Ct. 677, 91 L.Ed. 884, as follows: "The trial court also properly found the defendants guilty of civil contempt. Judicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained. Gompers v. Bucks, Stove &

Range Co., supra [221 U.S. 418], at 448, 449 [31 S.Ct. 492, 55 L.Ed. 797]. Where compensation is intended, a fine is imposed, payable to the complainant. Such fine must of course be based upon evidence of complainant's actual loss, and his right, as a civil litigant, to the compensatory fine is dependent upon the outcome of the basic controversy." See also Title 18 § 402, referring to the payment of a fine "to the complainant or other party injured by the act constituting the contempt."

■ This brings us to the question as to the nature of Heikkila's right to claim such compensation and whether such a claim on his part could survive his death. Such claim must be based solely and exclusively upon federal rights and particularly those defined in Title 18 U.S.C. §§ 401 and 402.

■■ Whether or not such a claim, based upon federal law survives the death of a claimant, is a question of federal law exclusively. State statutes providing for survival of actions or claims have no application. Schreiber v. Sharpless, 110 U.S. 76, 3 S.Ct. 423, 28 L.Ed. 65. No federal statute makes any provision for the survival of claims or actions. Thus Civil Rule 25 begins: "If a party dies *and the claim is not thereby extinguished,* the court * * * may order substitution of the proper parties." (Emphasis supplied) A similar conditional provision for substitution of parties is found in Revised Statute § 955. In consequence, in a case of this kind, the question of survival or not must be judged in accordance with the rule at common law. "A cause of action which is given by a federal statute, if no specific provision is made by act of Congress for its survival, survives or not according to the principles of the common law." Sullivan v. Associated Billposters and Distributors, 2 Cir., 6 F.2d 1000, 1004, 42 A.L.R. 503.

We note here first that it cannot be said that Heikkila's claim was based on any contract right. At common law actions on contract generally survive. In its essence, Heikkila's claim resembled most nearly a claim based upon tort and it is our opinion that it must be held here that in determining whether this claim survived, we must apply the rules of common law generally applicable to torts. "The real test, so far as tort actions were concerned, seems to have been whether the injury on which the cause of action was based affected property rights, or affected the person alone." Sullivan v. Associated Billposters and Distributors, supra, p. 1004.

■ Obviously Heikkila was not in the position of the holder of a patent who seeks compensation from a defendant who has not only infringed the claimed patent but who has done so in violation of a court judgment and is in contempt of court. Heikkila's claim most nearly resembles the claim of a person who has been unlawfully imprisoned, falsely arrested or otherwise suffered trespass to his person. Mr. Prosser in his work on torts, (Law of Torts, 2d ed., p. 707) refers to the non-survival of actions of that general character as follows: "But there was no survival of the death of either in the case of torts against real property, such as trespass, waste, or private nuisance; or those affecting the person, such as assault and battery, false imprisonment, malpractice, or other negligent personal injuries, even though the negligence itself was a breach of contract."

Counsel for the administratrix attempted to argue that Heikkila's claim was one for injury to property rights because he suffered, they say, pecuniary loss through loss of time and the incurring of obligations for attorneys' fees and the like. Such an argument proves too much. The victim of an assault and battery also loses time and may have to employ medical and hospital services, but that does not make his claim one for injury to property. The alleged contemptuous acts here did not consist of the seizure of any property of Heikkila. What happened to him resembles in all respects the sort of personal injury which the victim of assault, false impris-

onment or wrongful arrest may suffer;— in all such cases there is no survival.

We hold therefore that the motion to substitute the administratrix as appellant here must be denied for the reason that the claim asserted did not survive the death of Heikkila. It is therefore ordered that the motion to substitute be denied and the appeal must be dismissed.

IT IS SO ORDERED.