378

Robert STROUD, Petitioner,

v.

J. A. MAYDEN and R. S. Nicholas, Respondents.

Civ. A. No. 13564-4.

United States District Court
W. D. Missouri, W. D.
July 6, 1964.

Stanley A. Furman, Beverly Hills, Cal., English & MacDowell, by Richard M. English, Lynwood, Cal., Charles D. Martin, Springfield, Mo., for petitioner.

F. Russell Millin, U. S. Atty., Kansas City, Mo., Eugene N. Barkin, Attorney, Department of Justice, Washington, D. C., for respondents.

BECKER, District Judge.

In this petition for habeas corpus, the petitioner, a federal prisoner, sought relief from interference with his alleged right to publish and sell his literary writings. The petition was heard on the issues raised by an order to show cause, and response thereto. Among the compositions of the petitioner was a six-volume history of the prison system of the United States. On order of Court a photocopy of this history was made and impounded under seal in the office of the Clerk of this Court.

Before the final judgment in this cause, the petitioner died. Thereupon the claim of illegal personal restraint and other personal complaints became moot.

As previously stated from the Bench, it was ruled that:

"In cases of this character, the petition for habeas corpus will be considered as giving jurisdiction to the Court to give relief other than release from detention, or, if counsel desires so to designate, it will be considered as a petition for an injunction, as well as a petition for habeas corpus." (Tr. 4.)

See also Harris v. Settle (C.A. 8) 322 F.2d 908.

Now petitioner's counsel Stanley A. Furman moves for an order substituting himself for the prisoner in his capacity as Executor of the Last Will and Testament of the prisoner, having been appointed by the Superior Court of California for the County of Los Angeles. The counsel and executor cites for authority Rule 25(a) (1) F.R.Civ.P.; Barnes Coal Corp. v. Retail Coal Merchants Ass'n (C.A. 4), 128 F.2d 645, 648; Schreiber v. Sharpless, 110 U.S. 76, 3 S.Ct. 423, 28 L.Ed. 65; and Kirk v. Commissioner (C.A. 1), 179 F.2d 619, 15 A.L.R.2d 1031.

These authorities do not support the motion. This petition for habeas corpus was entertained as an action to restrain allegedly illegal personal restraints and mistreatment of petitioner. With the death of petitioner this action becomes moot and abates.

Furthermore the movant has not qualified under the applicable Missouri statutes to claim the property of the deceased petitioner.

The photocopy of the composition will be held by the Clerk until an appropriate proceeding is commenced by a qualified party. In the meantime, it is hereby

Ordered that the composition of the prisoner be retained by the Clerk until further order of Court. It is further

Ordered that this cause be, and it is hereby, dismissed as moot without prejudice to rights of property in the impounded composition or the original.