## MONROE MORTON, Plaintiff

### v.

## LaSALLE A. BEST, et al., Defendants

Civil No. 1131/1980

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

May 19, 1981

---

269

JEFFREY L. RESNICK, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

BERTRAM L. CHARLES, ESQ., Christiansted, St. Croix, V.I., *for defendant*

ALLAN A. CHRISTIAN, ESQ., Frederiksted, St. Croix, V.I., *for intervenors*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

Plaintiff, Monroe Morton instituted this suit in November, 1980 to recover $4,500.00 deposited in escrow with the defendant LaSalle A. Best d/b/a Best Realty. Plaintiff and his former wife, Rose M. Morton, entered into a contract to purchase a plot of land from Radegand and Jenifer Wallace on September 27, 1979. LaSalle A. Best was the real estate broker and thereby made a party to the contract. The agreement contained a clause which rendered it conditional upon the securing of a mortgage loan from a bank or other lending institution by the purchasers on or before the date for settlement, October 30, 1980. The escrow deposit, in accordance with the contract terms represented an initial payment of $1200.00 and monthly installments of $500.00 until the $4,500.00 figure was reached. This money was intended to constitute the downpayment for the purchase of the house.

Plaintiff failed to secure financing and the day for settlement passed. Thereafter, Monroe Morton made a demand on the defendant to recover his funds. Defendant refused to refund the escrowed money and the complaint in this case was filed on November 11, 1980. Defendant Best answered and alleged that although he had performed all the terms of the contract the plaintiff did not because he failed to secure a mortgage loan by the agreed date.

On December 18, 1980, the Wallaces filed a Motion to Intervene and an Intervenor's Complaint demanding the $4,500.00 plus attorney's fees and interest. Trial was held before the Court on January 27, 1981 in which all three parties participated. Monroe Morton, LaSalle Best and Victor Wallace testified. Judgment was entered in favor of the plaintiff. From that judgment, intervenors have filed a Motion to Amend Findings pursuant to Rule 52(b) F.R.C.P. or, in the alternative to grant a new trial pursuant to Rule 59(a)(2). In support of this motion, intervenors argue that the Court, in its decision, relied on the testimony by plaintiff that Rose Morton had applied for and pursued diligently a mortgage loan from the Government Employees Retirement System (GERS). However, according to an affidavit of Cecilia Cruse, Assistant Administrator for the GERS, Rose Morton failed to respond to a GERS request for further data necessary to complete the application. Intervenor urges that

this was the cause of the denial of the mortgage application.[1] Intervenors allege this information established that a "fraud", within the meaning contemplated by Rule 60, was worked on the Court, or in the alternative that this constitutes "newly" discovered evidence warranting an additional hearing in order for it to be considered.[2]

## RULE 52(b)

The Rule 52(b) motion will be considered first. Motions for amended findings of fact under this section of Rule 52 are intended to permit the Court to make additional findings, correct those already entered, Heikkila v. Barber, 164 F.Supp. 587, 592 (N.D. Cal. 1958), appeal dismissed, 308 F.2d 558 (9th Cir. 1962), or which will be entered, Cohn v. United States, 259 F.2d 371, 376 (6th Cir. 1958). According to Wright and Miller:

> [t]he primary purpose of Rule 52(b) is to enable the appellate court to obtain a correct understanding of the factual issues determined by the trial court as a basis for the conclusions of law and judgment entered thereon. A party who failed to prove his strongest case is not entitled to amend a finding of fact and a conclusion of law.

9 C. Wright and A. Miller, Federal Practice and Procedure § 2582 at 722 (1971). It has been stated that Rule 52(b) "merely provides a method for 'amplifying and expending (sic) the [findings of fact]' and is not intended as a vehicle for securing a rehearing on the merits." Heikkila v. Barber, supra, at 592. The purpose of the rule appears to be of a curative nature so that a court may correct an erroneously entered finding of fact, or an incorrectly stated proposition of law, or enter a finding where one was inadvertently omitted. It is not intended as a method by which a reversal of an unfavorable judgment can be obtained.

Matyas v. Feddish, 4 F.R.D. 385 (M.D. Pa. 1945) is a case which speaks directly to the issue presented here. In that case the court dismissed plaintiff's suit against defendant. Plaintiff filed exceptions, which if accepted, would "amount to a reversal of the judgment." In denying plaintiff's request the court stated "[t]he Rule permits the court in its discretion to 'amend' findings of fact or to

---

[1] Attorney Christian's Affidavit sworn to on January 29, 1981, is hearsay, and should be accorded no weight.

[2] There is no showing of "fraud" in this case as required by F.R.C.P. Rule 60(b)(3) since the standard of "clear and convincing evidence" has not been met. See St. Croix Drive-In Theatre, Inc. v. Glo-Mar International, Inc., Civ. #910/1979 (Terr. Ct. St. Croix, January 27, 1981).

'make additional findings', thus amplifying and expanding the facts. The Rule does not provide for a reversal of the judgment or for a denial of the facts as found, which is what the plaintiff requests at present." Id. at 386.[3] See Davis v. Mathews, 450 F.Supp. 308, 318 (E.D. Cal. 1978) (Rule 52(b) motions "primarily designed to correct findings of fact which are central to the ultimate issue").

The rule applicable here is that motions made under Rule 52(b) should be used only to correct mistakes in the judgment, or bring to light omissions. This Court is not unmindful of Filner v. Shapiro, 83 F.R.D. 630 (S.D.N.Y. 1979) which would indicate a different result. The court there, at 631, states:

> [m]otions under Rule 52(b) intended to correct manifest errors of law or fact, *to prevent* (sic) *new evidence* and to clarify the record for appeal. . . . Evans Inc. v. Tiffany & Co., 416 F.Supp. 224, 244 (N.D. Ill. 1976).

(Emphasis added.) I believe Judge MacMahon's reliance in Filner on Evans, Inc. v. Tiffany & Co. is overbroad. The Evans court held:

> [m]otions made under Fed. R. Civ. P. 52(b) *and* 59(a) are not intended to merely relitigate old matters nor are such motions intended to allow the parties to present the case under new theories. Instead these motions are intended to correct manifest errors of law or fact *or* to present newly discovered evidence.

Evans, Inc. at 244. (Emphasis added.) The Evans court was speaking of *both* Rule 52(b) and Rule 59(a) while Judge MacMahon was speaking only of Rule 52(b). When Judge Grady, in Evans, said "these motions are intended to correct manifest errors of law" he was referring to Rule 52(b). When, writing in the disjunctive, he stated that it would be proper to "present newly discovered evidence" he was, of necessity, referring to Rule 59, under which such evidence is a proper ground for new trial.

In this case the motion, if granted, would not amplify or clarify the findings of fact entered at the time of trial. Indeed, intervenors do not allege that any of the Court's findings were erroneous or that the law was incorrectly stated. Instead, they seek a reversal of the original decision. Accordingly, the motion will be denied. The Court is not unmindful that "motions under Rule 52(b) are closely related to motions under Rule 59", Davis v. Mathews, supra at 318,

---

[3] See Cohn v. United States, 259 F.2d 371, 376 (6th Cir. 1958) where the court, in dicta, explains Matyas to mean amendments under Rule 52(b) merely clarify previous findings in areas not originally covered.

and are often made together. In this case, however, granting the Rule 52(b) motion would not be proper.

The matter will now be considered in the alternative under Rule 59 as a motion for new trial.

## RULE 59(a)(2)

■■ The Federal Rules of Civil Procedure, Rule 59(a)(2), provide that "a new trial may be granted. . . in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits at equity." One ground which will support a new trial is the discovery of evidence after the judgment has been entered.[4] Relief may be granted in those instances where new evidence, which would change the result of the trial and could not have been previously found, is discovered.[5]

■ Certain requirements must be met before a new trial will be allowed on the basis of newly discovered evidence. The new facts sought to be presented must have been in existence at the time of the trial and the moving party must have been excusably ignorant of their existence. Brown v. Pennsylvania Railroad, 282 F.2d 522, 527 (3d Cir. 1960), cert. denied, 365 U.S. 818 (1961).[6] The evidence must not have been capable of discovery before the trial, although the moving party used due diligence in searching for it. Plisco v. Union Railroad, 379 F.2d 15, 16 (3d Cir.) cert. denied, 389 U.S. 1014 (1967). The evidence must be of such a nature as to change the outcome of the judgment, Chlipala v. A. A. Morrison & Chromalloy American Corp. v. Alloy Surfaces Co., 55 F.R.D. 406, 409 (D. Del

---

[4] Rule 59 provides for a 10 day time limit from the entry of judgment for motions to be made. Since the motion in this case was filed with the court on the same day the judgment was signed, no question of timeliness arises. In any event Rule 60(b)(2) provides for similar relief where the evidence "could not have been discovered in time to move for a new trial under Rule 59(b)." Rule 60 has a one year time limit.

[5] For example, an appropriate case for granting the motion would be where a "surprise" witness, whose identity could not have been discovered prior to trial, steps forward with relevant and important testimony after the entry of judgment.

[6] This case involves a Rule 60(b)(2) motion. Cases involving one Rule are used interchangeably with the other. As the Court said in Ursini v. Menninger Foundation, 384 F.Supp. 158, 162 (E.D. Cal. 1974) "[t]he same standard applies to motions on the ground of newly discovered evidence whether they are made under FRCP 59 [for a new trial-rehearing] or under FRCP 60 [relief from the 10 day filing requirement due to newly discovered evidence], and decisions construing Rule 59 in this context are authoritative in construing Rule 60." See Plisco v. Union Railroad, 379 F.2d 15, 16 (3d Cir.), cert. denied, 389 U.S. 1014 (1967).

1972). See generally 11 C. Wright and A. Miller, Federal Practice and Procedure § 2808 (1973).[7]

■■ The terms "due diligence" and "excusably ignorant" refer to those circumstances where the movant was not able to find the evidence prior to trial, though all reasonable avenues had been pursued. In Lewis v. Kepple, 185 F.Supp. 884, 888 (W.D. Pa. 1960), aff'd, 287 F.2d 409 (3d Cir. 1961) the court denied the Rule 60(b)(2) motion because the evidence sought to be introduced was in the files of the plaintiff-movant at all times, and the plaintiff "simply failed to discover it although it was always available to them." Id. at 888. Here, the evidence was not as close at hand as that in Lewis v. Kepple, but it was certainly no less accessible. In Giordano v. McCartney, 385 F.2d 154, 155 (3d Cir. 1967) the court found no abuse of discretion where the trial court denied the motion for new trial since the plaintiffs did not satisfactorily explain "why no attempt was made to locate and question" the affiant upon whose "evidence" the motion was based. The intervenor's motion and the supporting documents are entirely devoid of any compliance with this aspect of a motion for new trial. No excuse at all has been given as to why this evidence could not have been discovered prior to trial. According to Attorney Christian's Affidavit, he spoke with Cecilia Cruse on January 28 and 29, 1981, one and two days respectively after the trial. "The ease and speed with which [s]he was found subsequent to trial demonstrates that with the exercise of reasonable diligence [s]he could have been interviewed prior to trial." Id. at 155–56.

Although counsel has not submitted any reasonable excuses which would support the granting of this motion, the Court has gleaned from all the pleadings presented to it since the entry of judgment the following possible excuses which it will now address:

1. Intervenors' counsel thought the January 27 hearing date was for the purpose of arguing pending motions.

2. The intervenors' motion had not been timely acted upon.

3. Intervenors' counsel had not received plaintiff's answers to defendant interrogatories.

4. Counsel was somehow misled by the responses to the interrogatories as they contained incomplete or inaccurate statements.

---

[7] There is no question in this case that the evidence offered was in existence on and before January 27, 1981.

▇▇▇ The Notice of Hearing for January 27, 1981 was sent to all three attorneys in the case on December 30, 1980. At the opening of the hearing the Court formally granted the Motion to Intervene; counsel failed to suggest that he was not ready to proceed with the trial nor did he request a continuance. On the contrary, all three announced ready and the Court went forward with the case. It is hardly proper for the intervenors to claim surprise after the conclusion of the hearing since the Court was not made aware of any potential problems at the outset. If counsel for the Wallaces was not ready to try the case, he should have so stated. The Court has not been hesitant in the past to grant continuances in those cases which merited a delay, especially if counsel claimed he did not have adequate time to prepare his case. But here, counsel had almost one month's notice of the hearing, announced ready for trial, and actively participated in the case. He cannot claim now that he was not prepared.

▇▇▇ Any deficiencies regarding the responses to interrogatories should have been resolved by the filing of appropriate discovery motions, *prior to trial*, and cannot now be raised by a motion for new trial. Additionally, it was incumbent on Intervenors to seek out and obtain whatever papers or pleadings were in the case. In short, no reasonable excuse for failing to discover Mrs. Cruse's potential testimony has been proffered. "It follows that any deficiency in the [movant's] proof at trial was the result of this lack of diligence on his part. Therefore, he is not entitled to have an adverse final judgment reopened to permit an unjustifiably tardy supplementation of his case." Plisco v. Union Railroad, supra at 17.[8]

▇▇▇ The newly discovered evidence must also be of the kind and quality so that its inclusion will probably change the outcome of the case. English v. Mattson, 214 F.2d 406, 409 (5th Cir. 1954). "But more than a showing of the potential significance of the new evidence is necessary to justify the granting of a new trial after judgment has been entered." Plisco, supra at 16. The evidence cannot merely "discredit, contradict or impeach a witness." Great American Indemnity Co. v. Brown, 307 F.2d 306, 309 (5th Cir. 1962). In Brown the trial court denied a motion for new trial where the evidence sought to be presented was film showing the defendant

---

[8] Defendant Best stands in no better position. He adopted Intervenors' Motion for New Trial and all the pleadings thereto. No excuses have been tendered by him. He certainly cannot claim surprise since there is no question that he has always been a party to this lawsuit.

engaged in heavy labor. This, the plaintiff claimed, disproved Brown's testimony that he was not able to perform any strenuous tasks. The court upheld the denial as the evidence to be introduced would merely have impeached the witness's testimony.

The Sixth Circuit affirmed the district court's refusal to grant a motion for new trial in Baynum v. Chesapeake and Ohio Railway, 456 F.2d 658, 662 (6th Cir. 1972). There the defendant attempted to introduce affidavits showing that the plaintiff had made statements prior to trial contrary to his testimony at trial. The court stated:

> The proposed new witness's testimony would tend merely to affect the weight and credibility of the evidence already considered and it is not of such nature to indicate that if added to other proof already in the case a different result would be probable.

Id. at 662.

A closely analogous case is English v. Mattson, supra where the appellant claimed that the false testimony of a witness formed the basis for an adverse judgment. In upholding the denial of the motion for a new trial, the court said "[t]he additional evidence supporting the motion falls far short of proving that premise; it only relates to the credibility of Haywood's testimony. When considered in this light, the argument must fail." (Emphasis original.) 214 F.2d at 409.[9]

And so too, intervenors' motion here must fail. The evidence they seek to introduce attempts to impeach the testimony of Monroe Morton. The affidavits submitted by intervenors are not dispositive of the question of why the loan application was not approved, but rather go to the weight and credibility to be assigned to the plaintiff's version of the facts. Additionally, it cannot be said with any degree of certainty that this testimony, if admitted, would produce a different result.

I find that none of the requirements of a motion for new trial based on newly discovered evidence have been met. The motion is denied.

---

[9] The court's footnote following this statement is extremely appropriate here.

> "It certainly cannot be said as a matter of law that a new trial ought to be granted whenever an affidavit is made that testimony used against the losing party at trial *** was perjured, for the mischief of endless litigation would far outweigh any advantage which would be gained thereby." (Citations omitted.)

English v. Mattson, at 406.