**Phyllis HEIKKILA, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

**No. 40962.**

United States District Court
N. D. California, S. D.

Oct. 17, 1963.

McMurray, Walker & Tepper, San Francisco, Cal., for plaintiff.

Cecil F. Poole, U. S. Atty., Robert S. Marder, Asst. U. S. Atty., San Francisco, Cal., for defendant.

HARRIS, Chief Judge.

Plaintiff and defendant herein have filed cross-motions for summary judgment. The salient facts are not in dispute.

Plaintiff, widow of William Heikkila who died on May 7, 1960, made application for the lump sum benefit payable under Section 202(i) of the Social Security Act (42 U.S.C.A. § 402(i). Her husband was covered for the requisite period to provide such payment to his secondary beneficiary, his wife. Taxes were collected over a period of many years, up to and including the year of his death.

Defendant denied liability, asserting that plaintiff was not entitled to payment in the light of section 202(n) [42 U.S.C.A. § 402(n)], since the Attorney General had notified the Secretary of Health, Education and Welfare that decedent had been deported because of membership in the Communist Party and had not been lawfully readmitted to the United States for permanent residence.

At the time of his death, William Heikkila had been ordered deported, the order had been sustained by the late Judge Edward P. Murphy of this court in D.C. 164 F.Supp. 587 and an appeal was pending before the Court of Appeals for the Ninth Circuit. (See 308 F.2d 558) In the light of Judge Murphy's opinion, this court must commence its analysis by accepting the premise that Heikkila was legally deported in 1958 and was shortly returned to the United States on parole, pending final disposition of his appeal.

The question for decision under the facts set forth above is as follows: Is plaintiff, secondary beneficiary of the insured, eligible to receive a lump sum benefit under 42 U.S.C.A. § 402(i)? It is to be noted that she is a citizen of the United States by birth and is a resident of the State of California.

Defendant relies upon Flemming v. Nestor, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 both for establishing the constitutionality of 42 U.S.C.A. § 402(n) (1) (C) [1] and for the propriety of his action in refusing to make payment of a lump sum benefit to plaintiff. However, this decision, when properly read and considered supports the position of plaintiff.

In upholding the statute in its application to Nestor, the Supreme Court concluded that there was a sound basis for supporting the legislation because of deportee's residence abroad when considered in terms of the purpose of the Social Security system. This was made clear in the court's analysis of the legislation beginning at page 611 of 363 U.S., at page 1372 of 80 S.Ct., 4 L.Ed.2d 1435: "The interest of a covered employee under the Act is of sufficient substance to fall within the protection from arbitrary governmental action afforded by the Due Process Clause. * * * we must recognize that the Due Process Clause can be thought to interpose a bar only if the statute manifests a patently arbitrary classification, utterly lacking in rational justification."

The court pointed out that benefits paid under the system are two-fold: They in-

---

1. 42 U.S.C.A. § 402(n) provides: "If any individual is * * * deported * * * then, notwithstanding any other provisions of this title * * * (C) no lump-sum death payment shall be made on the basis of such individual's wages and self-employment income if he dies (i) in or after the month in which such notice is received, and (ii) before the month in which he is thereafter lawfully admitted to the United States for permanent residence."

crease the purchasing power of residents of the United States; they aid the economy of the country. Both purposes would have been frustrated by reason of Nestor's residence. The court, in examining these contentions, concluded "that this provision of the Act (42 U.S.C.A. § 402 (n) (c) cannot be condemned as so lacking in rational justification as to offend due process." (363 U.S. p. 612, 80 S.Ct. p. 1373, 4 L.Ed.2d 1435)

Plaintiff in fact brings herself within the rationale of Nestor. *Her position is that of a resident of the United States.* The benefit which she claims, would be spent in the United States. These are the very conditions which the court found in support of the legislation. Hence there is no basis for depriving her of benefits under the Social Security Act.

A second ground for upholding the legislation in the Nestor case was set forth in the court's conclusion that the statute was not ex post facto since the source of legislative concern was the activity or status of the individual who was barred. Thus the disqualification was construed not to be punishment despite its harsh consequences. The court said: " * * * Where the source of legislative concern can be thought to be the activity or status from which the individual is barred, the disqualification is not punishment even though it may bear harshly upon one affected. The contrary is the case where the statute in question is evidently aimed at the person or class of persons disqualified." (363 U.S. p. 614, 80 S.Ct. p. 1374, 4 L.Ed.2d 1435)

Deportation of the applicant was held to be vital for disqualification. The court said (363 U.S. p. 620, 80 S.Ct. p. 1377, 4 L.Ed.2d 1435): "The fact of deportation itself remained an essential condition for loss of benefits, and even if a beneficiary were saved from deportation only through discretionary suspension by the Attorney General under § 244 of the Immigration and Nationality Act (66 Stat. 214, 8 U.S.C. § 1254), § 202(n) would not reach him." In other words, the court found that the statute was directed toward deportees who were guilty

of particular proscribed conduct and who were actually deported. The court further stated: (363 U.S. p. 617, 80 S.Ct. p. 1376, 4 L.Ed.2d 1435) " * * * it cannot be said * * * that the disqualification of certain deportees from receipt of Social Security benefits while they are not lawfully in this country bears no rational connection to the purposes of the legislation of which it is a part, and must without more therefore be taken as evidencing a Congressional desire to punish." Absence of the applicant from the country by reason of conduct leading to deportation constitutes a rational basis for supporting the legislation.

Plaintiff in the case at bar has committed no act which would warrant depriving her of the benefits of the Social Security Act. This is conceded by defendant who quotes from the Bureau of Old-Age and Survivors Insurance that " * * * if Mrs. Heikkila does not remarry and meets the other requirements for entitlement, she may qualify at retirement age for a benefit on Mr. Heikkila's account if she is a United States citizen or resides in this country." (Tr. 98)

Plaintiff herein is removed from the thrust of the Nestor case and it should not be extended or otherwise considered applicable in creating an inequitable, unconscionable result as against an admittedly innocent citizen and resident who has not offended any law of the United States—nor done anything inimical to the public interest. To deprive plaintiff of the claimed benefit would work a punishment and penalty upon the widow. Cf. Trop v. Dulles, 356 U.S. 86, 78 S.Ct. 590, 2 L.Ed.2d 630.

Plaintiff, whose share of community property funds went into the insurance policy established by the Social Security Act, should not be denied her right to a lump sum benefit now because of the status of her husband. It is questionable whether Flemming v. Nestor, which applied its reasoning to Section 202(n) (1) (A) as it affected the deported alien, would extend the doctrine to encompass the innocent citizen widow under Section

**632**

202(n) (1) (C). This court is not prepared to do so.

Accordingly, it is ordered that plaintiff's motion for summary judgment be, and the same hereby is, granted upon preparation of findings of fact, conclusions of law and judgment consistent with this order.