29 F.3d 635
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
COMMERCIAL REAL PROPERTY and All Buildings and Structures
Located Thereon, Lots 24 and 25 of De La Fuente Business
Park Unit VI, City of San Diego, San Diego County,
California, Together with all Improvements and Appurtenances
Thereon, Defendant,
Scott A. McMILLAN; Shawn A. McMillan, Claimants-Appellants.
 No. 93-56173.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 26, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Scott and Shawn McMillan appeal pro se the district court's order striking their claim against Commercial Real Property which was the subject of a civil forfeiture proceeding by the United States. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 * Background
 
 
 4
 On June 15, 1993, the government filed a verified complaint alleging that Commercial Real Property was subject to forfeiture for its involvement in narcotics trafficking operations. Title to the property was held in the name of Alberto Parra Zamora. On the same day the government recorded a notice of lis pendens on the property in the San Diego County Recorder's Office. On June 16, 1993, the Court issued a Warrant for Arrest of the property and on June 17, 1993, the United States Marshal arrested the property and surrounded the site with a fence and padlock. On June 25, 1993, the McMillans filed a claim to the property with the district court asserting an interest in the property through adverse possession. On the same day, the McMillans entered the property and posted signs and planted trees, which they termed "capital improvements." On August 6, 1993, the district court entered a default judgment against titleholder Zamora in favor of the United States. On August 9, 1993, the district court entered an order striking the McMillans's claim to the property for lack of standing. The McMillans timely appealed.
 
 II
 Merits
 
 5
 We review de novo the district court's determination that a claimant lacks standing to challenge a forfeiture. See Elias v. City of La Mesa, 990 F.2d 1518, 1523 (9th Cir.1993), cert. denied, 62 U.S.L.W. 3836 (U.S. June 20, 1994) (No. 93-1692). The claimant bears the burden of showing that he owns or has an interest in the forfeited property. United States v. $191,910 in United States Currency, 16 F.3d at 1051, 1058 n. 8 (9th Cir.1994). "This interest need not be an ownership interest; it can be any type of interest, including a possessory interest." Id. at 1057.
 
 
 6
 The McMillans contend that they have an interest in the property through adverse possession. This contention lacks merit.
 
 
 7
 In order to obtain title by adverse possession, the property must be held and possessed adversely to the legal title of the actual holder of title for five years. Cal.Civ.Proc.Code Sec. 321; Machado v. Southern Pac. Transp. Co., 284 Cal.Rptr. 560, 564 (1991). The McMillans failed to meet this requirement. Accordingly, the district court did not err by finding that their claim of adverse possession lacked merit.
 
 
 8
 The McMillans nevertheless contend that they have a possessory interest in the property under California Civil Code section 1006. This section provides that "[o]ccupancy for any period confers a title sufficient against all except the state and those who have title by prescription, accession, transfer, will, or succession." Cal.Civ.Code Sec. 1006. The section gives "rise to a presumption of ownership that must prevail in the absence of any other evidence of title." Kunza v. Gaskell, 154 Cal.Rptr. 101, 104 (1979).
 
 
 9
 Here, the McMillans cannot claim an ownership interest in Commercial Real Property based on the assertion that the property lacked evidence of title. During the time Zamora held title, the United States initiated forfeiture proceedings against the property and filed a lis pendens. Title then transferred to the United States by way of the default judgment against Zamora. At that point, the United States title to the property related back to the date of the illegal acts which gave rise to the forfeiture. See 18 U.S.C. Sec. 981(b)(1)(f); United States v. $84,740 in United States Currency, 981 F.2d 1110, 1115 (9th Cir.1992). Given these circumstances, we agree with the district court that the McMillans's entry onto the property after the property had been arrested and a lis pendens had been filed, constituted a trespass and did not provide the McMillans with any type of ownership or possessory interest. Accordingly, the district court did not err by striking the McMillans's claim for lack of standing. See Elias. 990 F.2d at 1523.[1]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that the McMillans appeal the district court's denial of their oral motion for a continuance, we find no abuse of discretion in the district court's decision. See Rios-Berrios v. INS, 776 F.2d 859, 862 (9th Cir.1985) (denial of request for continuance reviewed for abuse of discretion). We deny the McMillans's request to strike portions of the appellee's brief