_____

No. 95-4175
_____

United States of America,          *
                                    *
        Appellant,                  *
                                    *   Appeal from the United States
    v.                              *   District Court for the
                                    *   Eastern District of Missouri.
One Hundred Twenty Thousand         *
Seven Hundred Fifty One Dollars     *
($120,751.00);                      *
                                    *
        Defendant,                  *
                                    *
Gregory G. Fenlon; Estate of        *
Alex Morris,                        *
                                    *
        Appellees.                  *


_____

Submitted:  September 13, 1996

Filed:  December 9, 1996
_____

Before McMILLIAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit
    Judges.

_____


MAGILL, Circuit Judge.

    This is a forfeiture action involving $120,751.00 in currency.
The district court[1] dismissed the forfeiture action as abated upon

_____

    [1]Pursuant to 28 U.S.C. § 636(c) (1994), the parties consented
to the exercise of jurisdiction by a United States Magistrate
Judge.

the death of the claimant.  The government appeals, and we reverse.[2]

## I.

On August 24, 1992, the defendant currency ($120,751.00) was seized from Alex Morris.  At the time of the seizure, Morris was in a St. Louis airport holding a one-way ticket to California under an assumed name.  Morris initially hid his baggage claim receipt for the bag containing the currency and denied ownership when asked by law enforcement officials.  Later investigation revealed that Morris was associated with known drug traffickers.

On September 23, 1992, by publication, and on March 18, 1993, by mail, the government gave notice of the seizure and intent to forfeit the defendant property.  On April 15, 1993, Alex Morris was murdered.  Pursuant to an undisclosed agreement regarding legal

---

[2]The government's motion to dismiss Gregory Fenlon as a party to this appeal is denied.  Taking his first amended claim for property on its face, we cannot say that Fenlon lacks standing. Fenlon has asserted a personal stake in the outcome of the case by virtue of a property interest assigned to him.  See United States v. Thirteen Thousand Dollars in U.S. Currency, 733 F.2d 581, 583-84 (8th Cir. 1984) (assignment made in consideration of legal services rendered and to be rendered confers standing to contest forfeiture).  However, on remand we instruct the magistrate judge to examine whether a valid assignment of a property interest had in fact taken place.  If Fenlon's interest is only that of a mere creditor, he does not have standing in this forfeiture action. United States v. One 1990 Chevrolet Corvette, 37 F.3d 421, 422 (8th Cir. 1994) (standing to contest forfeiture requires proof of ownership interest in defendant property).  Rather, Fenlon should pursue his claim in the Missouri court supervising the probate of Mr. Morris's estate.

Fenlon's motion to strike the government's appendix is denied as moot in light of the fact that the matters contained in the challenged materials are irrelevant to our disposition of the appeal.

We accept the Fenlon brief as a joint brief for the appellees.

fees, Mr. Morris's attorney, Gregory Fenlon, asserted a claim against the seized currency. Subsequently, Alex Morris's estate also asserted a claim. Following some confusion over whether an administrative proceeding should be pursued, the Drug Enforcement Agency (DEA) sent a letter to the United States Attorney requesting the commencement of judicial forfeiture proceedings on August 10, 1993. On November 15, 1994, fifteen months after the DEA request and twenty-seven months after seizure, the government filed a forfeiture complaint.

In a May 23, 1995 order, the magistrate judge struck Gregory Fenlon's claim for lack of standing. The magistrate judge also denied Fenlon's motion to dismiss the forfeiture complaint based on the delay between seizure and filing. Fenlon subsequently moved for and was granted leave to file a first amended claim. On October 20, 1995, the magistrate judge granted a motion to dismiss based upon abatement, reasoning that forfeiture proceedings under 21 U.S.C. § 881(a)(6) (1992) are punishment. Mem. Op. at 3. The government now appeals.

## II.

We respectfully disagree with the magistrate judge's holding that a civil forfeiture action under 21 U.S.C. § 881(a)(6) abates upon the death of the claimant. We hold that the action does not abate because it is not punitive.

The longstanding rule is that a cause of action abates at the death of the alleged wrongdoer if it is punitive in nature. Schrieber v. Sharpless, 110 U.S. 76, 80 (1884). However, civil actions generally do not abate. United States v. Morton, 635 F.2d 723, 725 (8th Cir. 1980). Thus, we must determine if, for the purpose of abatement, a § 881(a)(6) civil forfeiture action is punitive in nature.

-3-

Neither this Court nor the Supreme Court has addressed the question of whether a civil forfeiture is punitive in the abatement context. Addressing this question, both the Fourth and Ninth Circuits have held that § 881(a)(6) forfeitures are not punitive. United States v. $84,740.00 Currency, 981 F.2d 1110, 1113 (9th Cir. 1992); Case of One 1985 Nissan, 300ZX, 889 F.2d 1317, 1319 (4th Cir. 1989) (en banc).

We find this conclusion persuasive, particularly in light of the Supreme Court's recent holding on the nature of forfeiture actions in the context of double jeopardy. The Court held that § 881(a)(6) is not punitive for purposes of double jeopardy. United States v. Ursery, 116 S. Ct. 2135, 2147-49 (1996).[3] The Court applied the following two-step test: (1) did Congress intend proceedings under § 881(a)(6) to be criminal or civil; and (2) if Congress's intent was for civil proceedings, are the proceedings in fact so punitive that they cannot be viewed as civil. Ursery, 116 S. Ct. at 2147 (citing United States v. One Assortment of 89 Firearms, 465 U.S. 354, 366 (1984)); see also $84,740.00 Currency, 981 F.2d at 1113 (citing United States v. Ward, 448 U.S. 242, 248-49 (1980)).

For the reasons given in Ursery and $84,740.00 Currency, we find that, for the purpose of abatement, Congress intended the proceedings under § 881(a)(6) to be civil and that they are not so punitive that they cannot be viewed as civil. Because § 881(a)(6) proceedings are not punitive in this context, they do not abate upon the death of the claimant. Accordingly, the government's

---

[3]The Eighth Circuit subsequently held that 21 U.S.C. § 881(a)(4) forfeitures are not punitive for purposes of double jeopardy. United States v. One 1970 36.9' Columbia Sail Boat, 91 F.3d 1053, 1057 (8th Cir. 1996). However, the Supreme Court has also held that related forfeitures under 21 U.S.C. § 881(a)(4) and (a)(7) are punitive under the Eighth Amendment's Excessive Fines Clause. Austin v. United States, 509 U.S. 602, 622 (1993).

§ 881(a)(6) cause of action did not abate upon the death of Alex Morris.

## III.

For the reasons given within, the judgment of the district court is reversed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.