[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15 2000
THOMAS K. KAHN
CLERK

_____

Nos. 97-4573 and 97-5061

_____

D. C. Docket No. 88-01338-CV-EBD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ONE PARCEL OF REAL ESTATE AT
10380 SW 28th Street, Miami, FL,

Defendant,

ESTELLA BORROTO,

Claimant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(June 15, 2000)**

Before ANDERSON, Chief Judge, CARNES, Circuit Judge, and RONEY, Senior
Circuit Judge.

PER CURIAM:

Ricardo Borroto, on behalf of his deceased wife Estella Borroto, contests the denial of Federal Rule of Civil Procedure 60(b) relief in this civil forfeiture action. In order to bring an end to the protracted litigation of this case, we do not base our decision here on the problems concerning Borroto's standing to continue to prosecute this appeal after his wife died. We hold that (1) the order of civil forfeiture action against Estella Borroto's house did not abate upon her death pending this appeal; and (2) the district court correctly held that forfeiture of claimant's house did not violate the Excessive Fines Clause.

A jury found Ricardo Borroto guilty of several cocaine offenses. He was sentenced to 262 months imprisonment. In unpublished opinions, this Court affirmed Borroto's conviction and sentence on direct appeal, *see United States v. Borroto,* No. 89-5308 (11th Cir. Mar 4., 1991), and on appeal from the denial of his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255*, see Borroto v. United States,* No. 93-4207 (11th Cir. April 11, 1995).

In July 1988, the government filed a civil complaint seeking forfeiture of the Borroto's home pursuant to 21 U.S.C. § 881(a)(7), and the district court entered a final judgment of forfeiture to the United States in October 1989. Among the district court's findings and conclusions: (1) Ricardo Borroto failed to file any claim to the property and therefore could not challenge the forfeiture; (2) Estella Borroto was the

2

only proper claimant;(3) Ricardo had delivered 15 kilos of cocaine to a cooperating individual at the property; and (4) Estella was not an innocent owner: she acted as a greeter, served as "hostess" for the transaction and was fully aware of the specific transaction and her husband's history as a substantial drug dealer.

Ricardo, Estella, and Hector Alvarez, Estella's son, appealed the court's entry of a judgment of forfeiture. This Court affirmed the judgment of the district court in an unpublished opinion. *See United States v. One Parcel of Real Estate at 10380 Southwest 28 St., Miami, Florida,* No. 89-6105 (11th Cir. Sept. 5, 1990).

In March 1992, Estella Borroto filed a Rule 60(b) motion with the district court seeking relief from the court's order of forfeiture, which the district court denied. This Court initially dismissed Estella's appeal on jurisdictional grounds, but then reinstated the appeal, *United States v. One Parcel of Real Estate at 10380 Southwest 28 St., Miami, Florida*, No. 92-5142. On April 14 and 30, 1993, this Court denied motions seeking to substitute Ricardo as claimant.

On appeal of the Rule 60(b) denial, this Court rejected all of Estella's claims except her claim that the forfeiture of her home violates the Excessive Fines Clause. Estella had not raised this claim in district court. In the period between the district court's decision and the appeal, however, the Supreme Court ruled that the Excessive Fines Clause applied to civil forfeiture proceedings, *see Austin v. United States,* 509

3

U.S. 602 (1993), and this Court determined that analysis of Excessive Fines claims is a pure question of law, *see United States v. One Single Family Residence,* 13 F.3d 1493,1497 (11th Cir. 1994). The court vacated and remanded this case to allow further development of the factual record in light of these decisions. *See United States v. One Parcel of Real Estate at 10380 Southwest 28 St., Miami, Florida,* No. 92-5142 (11th Cir. July 1, 1994)(unpublished).

From mid-December 1995 until January 1997, the parties attempted to negotiate a settlement. When negotiations broke down, the government requested and the Borrotos opposed the interlocutory sale of the property. Ultimately, the district court approved the sale and on January 23, 1997, the house sold for $119,000. The United States Marshal's Service, after satisfying an innocent third party lien holder, realized a net profit of about $40,000, which was deposited with the district court clerk.

On March 18, 1997, the district court entered its final order on remand, holding that the forfeiture of a $119,000 house as a result of a sale of 15 kilos of cocaine did not violate the Excessive Fines Clause. The district court denied Estella's motion to stay release of the proceeds to the Marshal's Service pending appeal of the order, and her emergency motion for interlocutory appeal. Estella appealed the court's order on the remanded Excessive Fines Clause issue, Appeal No. 97-4573 and the denial of the

4

motion for stay pending appeal, Appeal No. 97-5061. After these appeals were filed, Estella died.

### 1. Abatement

Ricardo Borroto and Hector Alvarez argue that because Estella Borroto died after these appeals were filed, the forfeiture of the house should be abated. The argument is that in essence 21 U.S.C. § 881(a)(7) is a penal statute, and that forfeiture proceedings should therefore abate upon the death of the claimant, in the same manner that the appellate proceedings must be abated and the conviction and sentence vacated when a criminal defendant dies while his conviction and sentence are on appeal. *See Schreiber v. Sharpless,* 110 U.S. 76, 80 (1884). The death of a criminal defendant "during the pendency of his direct appeal renders his conviction and sentence void *ab initio*; i.e., it is as if the defendant had never been indicted and convicted." *United States v. Logal,* 106 F.3d at 1551-52 (11th Cir. 1997)(as to deceased defendant, conviction would be vacated, even though restitution was involved).

In all of the cases cited by Borroto, it was the defendant, the alleged wrongdoer who died, and the cases addressed abatement as it related to a sanction imposed as part of a sentence, s*ee United States v. Wright,* 160 F.3d 905, 908 (2d Cir. 1998)(abatement applies to cases involving punitive sanctions); *United States v. Mmahat,* 106 F.3d 89, 93 (5th Cir. 1997)(restitution order abates if its purpose was penal); or a criminal

forfeiture, *see United States v. Oberlin,,* 718 F. 2d 894,896 (9th Cir. 1983)(forfeiture order abated as "essentially penal" even though some aspect may have been compensatory).

These abatement cases involving criminal defendants have never been applied to *civil* forfeiture cases under 21 U.S.C. § 881(a)(7). It is doubtful that the rationale which governs the decision in criminal cases would ever apply to a civil forfeiture. The purpose of the abatement rule is to protect the deceased defendant from being branded a felon without his conviction having become final. *Logal,* 106 F.3d at 1552; *Wright*, 160 F.3d at 908. The focus of an *in rem* narcotics forfeiture is not the guilt of any person or the attempt to punish a person, but the "guilt" of the property, i.e., whether the property had been used in connection with illicit drug activity. *See Calero-Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663,683(1974); *United States v. One Parcel of Property Located at 427 and 429 Hall Street,* 74 F.3d 1165, 1169 (11th Cir. 1996). We need not decide, however, that the abatement rule would never apply to a civil forfeiture procedure. There is simply no reason to apply it in this case. First, the "conviction" of the property that makes it properly forfeitable under 21 U.S.C. § 881(a)(7) is final after a prior appeal and is not an issue on this appeal. Second, the failure of claimant Estella Borroto to show that she is an innocent owner of the property was established while she was living by a prior final appeal and is not

an issue in this case. Third, Ricardo Borroto, who was convicted of the crimes on the premises that subjected the property to forfeiture, and whose interest in the property has been forfeited, presumably would profit from a vacation of the forfeiture proceedings. Fourth, this is unlike a direct appeal which questions the validity of a judgment of forfeiture in its entirety. This is an appeal of a denial of a Rule 60(b) motion, the disposition of which will neither confirm nor establish any new fact about Estella Borroto herself.

The only issue on this appeal that stands between the government and the forfeited property is whether the forfeiture violated the excessive fine prohibition of the U. S. Constitution. Borroto argues that the Supreme Court determined that all civil forfeitures are in effect criminal and punitive, and thus subject to the criminal abatement precedents, when it held in *Austin v. United States*, 509 U.S. 602, 622 (1993) that the Excessive Fines Clause of the Eighth Amendment applies to civil forfeitures under § 881(a)(7). That holding, however, does not give forfeitures under § 881(a)(7) the benefit of criminal precedent. That opinion made clear that it was simply extending to civil proceedings the protection of the Excessive Fines Clause. *See United States v. Ursery*, 518 U.S. 267, 281(1996)(In *Austin*, "[w]e began our analysis [of whether the excessive fines clause applies to § 881(a)(7)] by rejecting the

argument that the Excessive Fines Clause was limited solely to criminal proceedings.").

The Supreme Court has made clear in *Ursery* that forfeitures under § 881(a)(7) specifically and *in rem* civil forfeitures in general are neither punishment nor criminal for purposes of the Double Jeopardy Clause. *See Ursery*, 518 U.S. at 292. Assuming the forfeiture here does not violate the constitution, it should not be construed as being either punishment or punitive as it relates to Estella, who was never convicted of any crime.

This distinction between civil forfeiture and criminal cases explains the inapplicability of *B.B. Rogers v. Douglas Tobacco*, 244 F.2d 471,483 (5th Cir. 1957) which Borroto cites. The case involved an action for treble damages for alleged violations of the Sherman Antitrust Act. The Court held that the cause of action for actual damages survives the death of a defendant but that the "trebling of the damages is in the nature of a penalty for a public wrong," and is therefore abated. 244 F.2d at 483. The treble damage claim was against the wrongdoer who died. Estella Borroto has not been adjudicated as a wrongdoer. She simply was unable to sustain her claim to the property against forfeiture as an innocent owner.

One circuit has addressed the question whether a civil forfeiture is punitive in the abatement context since *Ursery* was decided. The Eighth Circuit in *United States*

8

*v. One Hundred Twenty Thousand Seven Hundred Fifty One Dollars (120,751.00),* 102 F.3d 342 (8th Cir. 1996), applied the test in *Ursery* to hold that § 881(a)(6) forfeitures of currency are not punitive in the abatement context. Two other circuits had arrived at the same conclusion prior to the *Ursery* decision. *See United States v. $84,740.00 Currency,* 981 F.2d 1110,1113 (9th Cir. 1992); *Case of One 1985 Nissan, 300ZX,* 889 F.2d 1317, 1319 (4th Cir. 1989)(en banc).

Borroto has cited no case, nor did we find any in which the abatement doctrine was applied in a civil forfeiture case. We therefore hold that in this case the death of Estella Borroto does not require that the appeal abate and the order of forfeiture be vacated.

### 2. Excessive Fines Clause

Borroto contends that the forfeiture of the property constitutes an excessive fine in violation of the Eighth Amendment of the United States Constitution. Forfeiture under the statute involved in this case, 21 U.S.C. § 881(a)(7), is limited by the Eighth Amendment's Excessive Fines Clause. *See Austin v. United States*, 509 U.S. 602,622(1993); *United States v. 817 N.E. 29th Drive, Wilton Manors, Florida* 175 F.3d 1304, 1309 (11th Cir. 1999). A fine is excessive "if it is grossly disproportional to the gravity of a defendant's offense." *United States v.Bajakajian*, 524 U.S. 321 (1998); *Wilton Manors*, 175 F.3d at 1309. We noted in *Wilton Manors* that Congress

9

and the United States Sentencing Commission have provided us with the monetary terms by which we can proportion the value of forfeited property: "If the value of forfeited property is within the range of fines prescribed by Congress, a strong presumption arises that the forfeiture is constitutional . . . [I]f the value of the property forfeited is within or near the permissible range of fines under the sentencing guidelines, the forfeiture almost certainly is not excessive." *Wilton Manors,* 175 F.3d at 1309-10.

In this case, Borroto's sentence resulted from a sentencing guideline offense level of 38. That guideline level suggests a fine of $250,000. U.S.S.G. § 5E1.2(c)(2)-(3). At sentencing, Borroto faced a maximum statutory fine of $4,000,000 under 21 U.S.C. § 841(b)(1)(A). The guidelines state that where a statute authorizes a maximum fine of greater than $25,000, the maximum fine imposed by the guidelines does not apply and the statutory maximum applies instead. See U.S.S.G. § 5E1.2(c)(4). It is clear that under both the sentencing guidelines and the statute, a fine of $119,000 could not be considered grossly disproportionate to Borroto's crimes. The forfeiture of a $119,000 property based on his crimes, therefore, does not violate the Eighth Amendment. We affirm the denial of the motion for stay pending appeal.

**AFFIRMED.**