NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 27 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| T.A., a Disabled Adult, by and through her Guardian Ad Litem, Liana Harmandjian, | No. 23-55332 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-09757-SB-PD |
| v. | |
| COUNTY OF LOS ANGELES, by and through The LA County Department of Children and Family Services; ADRIENNE M. ZACHERY, an individual, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Submitted March 25, 2024**
Pasadena, California

Before: GRABER, GOULD, and FORREST, Circuit Judges.

T. A., a disabled adult, brings this action through her mother as her guardian

ad litem, alleging that her constitutional rights were violated when she was removed

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

from her mother's custody when she was a minor. T.A. appeals the district court's denial of her Federal Rule of Civil Procedure 60(b) motion seeking relief from that court's final order dismissing her claim against Los Angeles County (the County).[1] She argues that the district court erred by dismissing her *Monell*[2] claim, without considering its merits, because her counsel failed to file an opposition to the County's motion for summary judgment. As discussed below, we have jurisdiction under 28 U.S.C. § 1291 to review both the district court's order denying T.A.'s Rule 60(b) motion and its order granting the County's summary judgment motion. *See also* Fed. R. App. P. 4(a)(4)(A)(vi). We affirm.

1.      ***Rule 60(b) Motion.*** Under Rule 60(b)(1), a court may relieve a party from final judgment based on, among other things, excusable neglect. *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1259 (9th Cir. 2004). We review for abuse of discretion the denial of a Rule 60(b) motion. *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1100 (9th Cir. 2006). Contrary to T.A.'s assertions, the district court applied the correct law and made no clearly erroneous findings of material fact in concluding that T.A.'s counsel's failure to comply with the district court's standing

---

[1] In the same order dismissing T.A.'s claim against the County, the district court also dismissed her claims against Adrienne Zachary for lack of prosecution, but T.A. did not appear to seek reconsideration of that portion of the order.

[2] *Monell v. Dep't of Soc. Serv. of New York*, 436 U.S. 658 (1978).

order was not due to excusable neglect that would warrant reconsideration under Rule 60(b). *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000).

2.    ***Jurisdiction Over Summary Judgment.*** We disagree with the County's assertion that we lack jurisdiction to review the district court's summary judgment order because T.A.'s notice of appeal was untimely. Although T.A. did not file her notice of appeal within 30 days of the district court's entry of its order granting summary judgment, she filed her Rule 60(b) motion within 28 days of the district court's order, which is what was required when T.A. filed her Rule 60 motion. *See* Fed. R. App. P. 4(a)(4)(A)(vi) (amended Dec. 1, 2023). Accordingly, the time for appeal ran from the district court's entry of the order denying T.A.'s Rule 60(b) motion, *see id.*, and T.A. filed her notice of appeal within 30 days of that order.

To the extent that the County argues we lack jurisdiction to review the summary judgment order because the notice of appeal referenced only the order resolving the Rule 60(b) motion, we disagree. Fed. R. App. P. 3 specifies that a notice of appeal must "designate the judgment—or the appealable order—from which the appeal is taken." Fed. R. App. P. 3(c)(1)(B). We have instructed that "a mistake in designating the judgment appealed from should not bar appeal as long as the intent to appeal a specific judgment can be fairly inferred and the appellee is not prejudiced or misled by the mistake." *See United States v. $84,740.00 Currency*, 981 F.2d 1110, 1112 (9th Cir. 1992) (citation and internal quotation marks omitted).

Here, where the district court's denial of T.A.'s Rule 60(b) motion denied reconsideration of its summary judgment order, T.A.'s intent to appeal both the Rule 60(b) ruling and the underlying summary judgment ruling is "fairly inferred." *Id.* And we conclude that there is no prejudice to the County that warrants limiting the notice of appeal to only the Rule 60(b) ruling.

**3.** ***Summary Judgment Motion.*** T.A. argues that the district court erred by granting the County's motion for summary judgment on her *Monell* claim solely on procedural grounds without considering the merits. This argument mischaracterizes the district court's order. The district court clearly considered the merits of T.A.'s *Monell* claim. On appeal, T.A. does not make any specific argument that the County's summary judgment papers were themselves insufficient to support its motion or that they revealed a genuine issue of material fact. *See United States v. Real Prop. Located at Incline Vill.*, 47 F.3d 1511, 1520 (9th Cir. 1995), *rev'd on other grounds sub nom. Degen v. United States*, 517 U.S. 820 (1996). Accordingly, we conclude that the district court did not err in granting the County's motion.[3]

**AFFIRMED.**[4]

---

[3]T.A.'s request for judicial notice [Dkt. 18] is DENIED, and the County's motion to strike the request [Dkt. 20] is DENIED as moot.

[4]Counsel is ordered to pay the costs taxed against the appellant, if any, and not pass them to T.A. *See* Fed. R. App. P. 39.